NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3647
_____

UNITED STATES OF AMERICA

v.

RADCLIFFE BENT,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 08-cr-00794)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
September 20, 2011

Before:  FISHER, HARDIMAN and GREENAWAY, JR., *Circuit Judges*.

(Filed: September 21, 2011)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Radcliffe Bent appeals his judgment of sentence after pleading guilty to conspiracy

to commit mail and wire fraud, conspiracy to commit money laundering, and tax evasion.

Following his counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S.

738 (1967), Bent filed a *pro se* brief, arguing: (1) his guilty plea was not knowing and voluntary; and (2) the District Court erred in adopting the loss calculation in his Presentence Investigation Report (PSR). For the reasons that follow, we will grant counsel's motion to withdraw and affirm the District Court's judgment.

## I

Because we write for the parties, we recite only the facts and procedural history necessary for our decision.

From 2001 to 2007, Bent and several coconspirators defrauded approximately twenty-nine investors. Their scheme consisted of inducing these investors to purchase shares of stock and promissory notes in corporations they controlled by promising exorbitant returns. Bent and his coconspirators then diverted the investors' funds— approximately $13.6 million in total—for personal gain.

In May 2009, Bent pleaded guilty to one count of Conspiracy to Commit Mail and Wire Fraud, contrary to 18 U.S.C. §§ 1341 and 1343, and in violation of 18 U.S.C. § 1349 (Count One), one count of Conspiracy to Commit Money Laundering, contrary to 18 U.S.C. § 1957(a) and in violation of 18 U.S.C. § 1956(h) (Count Five), and one count of Tax Evasion, in violation of 26 U.S.C. § 7201 (Count Nine). The Probation Office prepared a PSR, which calculated Bent's total offense level to be 36 and his criminal history category to be II, yielding a Guidelines range of 210 to 262 months imprisonment. Bent and the Government objected to two upward adjustments applied in the PSR and

the District Court sustained both objections, reducing his Guidelines range to 108 to 135 months imprisonment. The District Court imposed a sentence of 110 months imprisonment on Count One, 100 months imprisonment on Count Five and 60 months imprisonment on Count Nine, all of which were to be served concurrently. The District Court also ordered Bent to pay restitution in the amount of $7,399,396.57.

Bent filed a timely notice of appeal. His counsel now seeks to withdraw under *Anders*, asserting there are no nonfrivolous issues for appeal. The Government has filed a brief supporting counsel's *Anders* motion and Bent has filed a *pro se* brief in opposition to his counsel's motion.[1]

II

When counsel seeks to withdraw pursuant to *Anders*, we must: (1) determine whether counsel has adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2 by thoroughly searching the record for appealable issues and explaining why those issues are frivolous; and (2) conduct an independent review of the record to see if there are any nonfrivolous issues for appeal. *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

A

To satisfy the first prong of our inquiry, counsel must examine the record, conclude that there are no nonfrivolous issues for review, and request permission to withdraw. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel must accompany a motion to withdraw with a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Counsel need not raise and reject every possible claim, but must, at a minimum, meet the "conscientious examination" standard set forth in *Anders*. *Youla*, 241 F.3d at 300.

In his *Anders* brief, Bent's counsel identifies three potential issues for appeal and explains why each is frivolous. Counsel maintains that: (1) the District Court had jurisdiction to sentence Bent under 18 U.S.C. § 3231; (2) Bent's guilty plea was knowing and voluntary and complied with the mandates of Rule 11 of the Federal Rules of Criminal Procedure; and (3) the sentence imposed by the District Court was procedurally and substantively reasonable. Counsel's brief satisfies prong one of our inquiry by evidencing an adequate examination of the record by counsel and explaining his conclusion that there are no nonfrivolous issues for appeal.

B

"Where the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself," as well as any issues raised in a defendant's *pro se* brief. *Youla*, 241 F.3d at 301 (internal

4

quotation omitted).

In his *pro se* brief, Bent argues: (1) his plea was not knowing and voluntary because he was under the influence of drugs at the time of the Rule 11 colloquy; and (2) the District Court erroneously calculated his Guidelines range by overstating the actual loss attributable to him.  We find each of these arguments to be without merit.

1

First, Bent argues that his plea was not knowing and voluntary because he was under the influence of various bipolar medications when the District Court conducted its plea colloquy.  Bent asserts that his attorney knew that Bent was undergoing ongoing treatment for bipolar disorder and that his plea proceedings had been continued on two prior occasions due to the impact of his medication.  Bent further asserts that the District Court was made aware, by a pretrial report, that he was being treated with psychiatric medications and that the Court should have conducted an independent inquiry to determine whether this rendered his plea involuntary.

Because Bent did not object to the District Court's decision to accept his plea, we review the Court's decision for plain error.  Under the plain error standard, Bent bears the burden of showing that there is "'(1) [an] error, (2) that is plain, and (3) that affect[s] substantial rights.'"  *United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).  "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error

5

seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson*, 520 U.S. at 467).

Our review of the record reveals Bent's argument to be meritless. During its plea colloquy, the District Court specifically asked Bent whether he was "under the influence of either alcohol or drugs," to which he responded: "I am not." The District Court proceeded to ask Bent a series of questions about his decision to plead guilty, which revealed that he was lucid and actively engaged in the plea proceeding. Prior to finding Bent competent to enter a plea, the District Court asked his counsel whether he was "satisfied that th[e] Plea [was] being entered voluntarily and [was] entered by the Defendant with full knowledge of all of his rights and responsibilities," to which Counsel responded: "I am." *Cf. United States v. Jones*, 336 F.3d 245, 256 (3d Cir. 2003) (explaining that an attorney's affirmative representation about her client's competency may be considered by a district court).[2] Based on the foregoing, we are satisfied that Bent's plea was knowing and voluntary.

2

Second, Bent argues that the District Court erred in adopting the PSR's loss

---

[2] To the extent Bent is arguing that his trial counsel was ineffective for failing to inform the District Court that Bent had taken medication prior to the plea proceeding, we decline to review this issue on direct appeal. *See United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) ("It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." (citing *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998))).

calculation of $7,399,397. He claims that only $1,691,198 of the total loss was attributable to him because he was not involved in every transaction that comprised the conspiracy. If Bent is correct regarding the loss calculation, the District Court overstated his total offense level in calculating his Guidelines range.

Because Bent did not object to the District Court's loss calculation at sentencing, we review that determination for plain error. *Vazquez*, 271 F.3d at 99. The gravamen of Bent's objection to the District Court's loss calculation appears to be that he was not *personally* responsible for some of the losses attributed to him. This argument fails to recognize the fundamental point that because Bent was part of a conspiracy, he is responsible not only for the losses caused by his personal conduct, but also for the losses caused by "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(B). Moreover, the Guidelines specifically provide that the District Court's loss calculation shall include any "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." USSG § 2B1.1 app. n.(3)(A)(iv). Therefore, the District Court did not plainly err in including losses not directly attributable to Bent in its calculation of loss.

3

Pursuant to the second prong of *Anders*, we have conducted an independent review of the record and find that there are no appealable issues of merit.

III

For the foregoing reasons, we will affirm the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw pursuant to *Anders.*